IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Derek Lionel Guess, #264168, | ) | C/A NO. 0:08-0097-CMC-MAGCIV |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Ofc. Shanon Dean; Sgt. Norberto Mendez; | ) | |
| Lt. NFN Adams; and Cpt. Daniel Dubose, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation. However, this court retains the authority to withdraw the reference and proceed to consider Defendants' motion for summary judgment without a Report and Recommendation from a Magistrate Judge. Therefore, this court hereby withdraws the reference to a Magistrate Judge and proceeds to consider Defendants' summary judgment motion. For the reasons stated below, the court **grants** Defendants' motion for summary judgment.[1]

---

[1]This matter was initially assigned to a magistrate judge for pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(d). The matter became unassigned as a result of the vacancy of one magistrate judge position and division transfer of the previously assigned magistrate judge. To avoid a resulting backlog in cases, the undersigned has elected to withdraw the reference in this matter and resolve the motion without a report and recommendation.

Additionally, on October 15, 2008, this court directed Plaintiff to indicate whether he wished to pursue this action. The court has received no communication from Plaintiff regarding this case, but Plaintiff filed a notification of address in a companion case. *See* D.S.C. C/A No. 0:08-151-CMC-PJG. Therefore, out of an abundance of caution, this court addresses the merits of this matter.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

### FACTS

This matter arises from an incident which occurred August 22, 2007. At the time of the incident, Plaintiff was housed in Kershaw Correctional Institution. As a result of an incident on this date, Plaintiff was charged with two (2) SCDC disciplinary infractions. Plaintiff contends that the information contained in the incident reports was falsified by Defendants Dean and Mendez, and that he was discriminated against because he is African-American. He seeks monetary damages.

### OFFICIAL CAPACITY – ELEVENTH AMENDMENT IMMUNITY

Plaintiff does not indicate whether his suit is brought against these Defendants in their official or individual capacities.[2] This court cannot assume that the Complaint's silence infers that this suit is brought against Defendants in their official capacities, as "the underlying inquiry [is] whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Id*.

However, it is not necessary to the resolution of this matter for this court to determine whether Plaintiff sues Defendants in their individual or official capacities. If the complaint seeks monetary damages from Defendants, Defendants would be immune from suit in their official capacites. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989), the Supreme Court stated that § 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Elaborating on the interplay between § 1983 and the Eleventh Amendment, the Supreme Court in *Will* then noted that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. *Id.* at 70. Thus, the *Will* Court held that state officials, while acting purely in their official capacities, are entitled to

---

[2]Plaintiff contends in his response to Defendants' motion for summary judgment that he is not suing SCDC. *See* Resp. at 2 (Dkt. # 33, filed June 4, 2008). However, while SCDC is not listed in the caption of Plaintiff's complaint, he does appear to seek monetary damages from the Department in the prayer for relief of his complaint. To the extent that Plaintiff's complaint can be construed as asserting a claim against SCDC, it is well-settled that an agency of the state is not a "person" within the meaning of § 1983, and thus is not a proper defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Defendant SCDC is dismissed from this action.

Eleventh Amendment immunity. Accordingly, to the extent Plaintiff seeks any monetary damages against Defendants in their official capacities, Defendants are immune from suit.

### INDIVIDUAL CAPACITY – QUALIFIED IMMUNITY

Defendants are also entitled to summary judgment in their individual capacities based upon qualified immunity.

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 818. Thus, determining whether an official is entitled to qualified immunity requires that the court make a two-step inquiry "in proper sequence." *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). As a threshold matter, the court must determine whether, taken in the light most favorable to Plaintiff, the facts alleged show Defendants' conduct violated a constitutional right. *Id*. If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and Plaintiff cannot prevail. *Id*. If the facts do establish such a violation, however, the next step is to determine whether the right violated was clearly established at the time of the alleged offense. *Id*. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Id*. "If the right was not clearly established in the 'specific context of the case'–that is, if it was not 'clear to a reasonable officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he confronted'–then the law affords immunity from suit." *Id*. (quoting *Saucier*, 533 U.S. at 201).

Plaintiff contends that the "false" charges were "clearly discriminating[,]" and that he had a liberty interesting in staying in the general prison population. Resp. at 3. However, conclusory accusations without more do not offer escape from summary judgment. Plaintiff has failed to establish any violation of any of his constitutional rights. Therefore, Defendants are entitled to summary judgment.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act of 1995 (PLRA), as amended, prisoners must exhaust "such administrative remedies as are available" prior to filing suit in federal court challenging prison conditions. 42 U.S.C.A. § 1997e(a). The PLRA does not define the term "available," courts have generally afforded it its common meaning. Therefore, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81 126 S.Ct. 2378, 2385 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 2384. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Plaintiff admits that he did not exhaust his administrative remedies because he "was seeking money damages . . . ." Dkt. # 33 at 6. However, this position is foreclosed by the Supreme Court's decision in *Booth v. Churner*, 532 U.S. 731 (2001).

CONCLUSION

Plaintiff's complaint is defective for failure to exhaust administrative remedies. However, even if Plaintiff were to properly exhaust his administrative remedies and return to this court, he cannot overcome Defendants' motion for summary judgment. Therefore, for the reasons stated in Defendants' memorandum in support of the motion for summary judgment, with which this court agrees, Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 31, 2008

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\08-97 Guess v. SCDC gr sumjgm.wpd